# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| TINA MARIE WELLS, | ) | |
|     Petitioner, | ) | Civil Case No. 7:14cv00232 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNKNOWN, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | United States District Judge |

Tina Marie Wells, a Virginia inmate proceeding *pro se*, filed a pleading which the court construes as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] In her petition, Wells alleges the following:

> Ground One: Mental health.
> Supporting Facts: Voluntary commit[t]al.
>
> Ground [Two]: Due process of the law.
> Supporting Facts: Amanda Alexander, a Region 10 employee comes to Probation meetings with Laura Eways at the 750 Harris St. location. Amanda Alexander works alongside Dr. Amber Yoder of Region 10 located in Charlottesville, Virginia. It is unconstitutional. Pursuant to Commonwealth v. Christopher Bittler March 9, 2006 severity of the wound. Hospital report from UVA Hospital 4 stitches.
>
> Ground [Three]: Due process of the law.
> Supporting Facts: Under state statu[t]e the[re] is no probation for the crime of aggravated mali[cious] wounding. Hickman v. Taylor Supreme Court Federal Civil Procedure. Where plaintiff addressed simple interrogatories solely to adverse parties as comtemplated by rule 33, which does not permit interrogatories to be addressed to counsel of adverse parties, and there were no interrogatories by way of deposition under rule 26 or motion for an order directing the production of documents under rule 34, which is limited to parties, plaintiff was proceeding primarily under rule 33. Fed. Rules Civil. Proc. Rules 26, 33, 34, 28 U.S.C.A.
>
> Ground [Four]: Due process of the law.
> Supporting Facts: In Birl v. Wallis it was found that Involuntary civil commitment imposes massive curtailment of liberty that requires due process protection under the Fourteen[th] Amendment to [the] United States Consitution U.S.C.A. Const. Amend. 14.

---

[1] Wells filed her petition on a form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241; however, she appears to be challenging the legality of her 2005 conviction in the Fluvanna District Court for aggravated malicious wounding and, therefore, the court construes her pleading as a petition pursuant to § 2254.

Upon initial review of Wells' pleading, the court conditionally filed the petition and advised Wells that it could not discern a cognizable federal habeas claim from the allegations in her petition. The court directed Wells to submit a more definite statement of her claims within ten days. Wells did not respond.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Because Wells alleges no cognizable federal habeas claim, the court finds that it plainly appears that she is not entitled to habeas relief.[2] Accordingly, the court dismisses this action without prejudice to Wells' opportunity to refile her petition.

Entered: June 23, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[2] Moreover, it appears that Wells' habeas petition is untimely filed.